IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Booker Gattis, #18324-056,<br><br>        Plaintiff,<br><br>v.<br><br>Federal Bureau of Prison;<br>Former Warden, M. Pettiford;<br>Present Warden, D. Drew,<br>FCI-Bennettsville; Luis Berrios,<br>MD Clinical Director; Julia E.<br>Berrios, MD Medical Officer<br>FCI/FPC Bennettsville; H.<br>Hanson, PAC; K. Wright, Head<br>of Medical; JUMP Medical<br>Supervisor; Dr. Farooq H.<br>Qurashi,<br><br>        Defendants. | Civil Action No.8:09-70-TLW-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The plaintiff, a pro se prisoner, seeks relief pursuant to pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] This matter is before the court on the defendant Dr. Farooq H. Qurashi's motion to dismiss. (Dkt. # 38.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 7, 2009.[2] On June 22, 2009, the defendant Qurashi filed a motion to dismiss. By order filed June 23, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the

---

[1]In *Bivens*, the United States Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 against state actors.

[2]This date reflects the date that the envelope was postmarked. *See Houston v. Lack,* 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 25, 2009, the plaintiff filed a response in which he stated that he did not object to the dismissal of the defendant Qurashi. (Dkt. # 48.) He also stated he wanted the action to continue against the remaining defendants. *Id.* As the plaintiff does not object, the defendant Qurashi's motion to dismiss should be granted.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the defendant Dr. Faroog H. Qurashi's Motion to Dismiss (Dkt. # 38) be GRANTED and that he be DISMISSED from this action with prejudice.

IT IS SO RECOMMENDED.

                                           s/Bruce Howe Hendricks
                                           United States Magistrate Judge

August 26, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 10768

Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

3